## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JOHN THOMAS MOSS**                                                         **PETITIONER**

**VS.**                            **CASE NO. 5:10CV00360 BSM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                           **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

John Thomas Moss, an inmate in the custody of the Arkansas Department of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Moss was found guilty of capital felony murder and attempted capital felony murder and sentenced to life imprisonment without parole following a 1982 trial in the Circuit Court of Sharp County. In 1988, Mr. Moss unsuccessfully attacked these convictions in this Court by filing and prosecuting to conclusion a federal petition for writ of habeas corpus[1]. *See Moss v. Norris*, Case No. 5:88cv00145 (Judgment entered on February 25, 1991). An appeal to the Eighth Circuit Court of Appeals was unsuccessful. *Moss v. Lockhart*, 971 F.2d 77 (8th Cir. 1992).

The respondent moves to dismiss the current petition for failing to seek or receive permission from the Eighth Circuit Court of Appeals to file this successive petition.

28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The statutory language is clear that permission must be received before the filing of the successive petition with the district court. As a result, we recommend that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

---

[1] In his petition, Mr. Moss states that he has not previously sought federal relief challenging his convictions. Docket entry no. 2, page 10. The record shows otherwise.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this   1   day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE